UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON
CIVIL ACTION NO. 15-202-GFVT

**RUSSELL MCBRIDE**                                                   **PETITIONER**

**V.**

**J.C. HOLLAND, WARDEN**                                    **RESPONDENT**

### REPORT AND RECOMMENDATION

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 (doc. 1), which the presiding district judge has referred for purposes of conducting an initial screening pursuant to 28 U.S.C. §2243. Doc. 6. Having considered the record and applicable law, the Court recommends that the petition be denied without respondent being required to file a response.

After petitioner and the United States entered into a plea agreement, in November 2009 the United States District Court for the Eastern District of Missouri sentenced petitioner to a total term of 135 months' imprisonment for multiple counts of mail fraud and wire fraud. *See* E.D. Missouri Case 1:08-cr-00058-CAS-1, *United States v. McBride*. There is no indication that petitioner then appealed or sought postconviction relief under 28 U.S.C. §2255 or otherwise took any action prior to November 2015, when he filed the §2241 petition in this Court, which encompasses his place of incarceration.

The main gist of petitioner's claim for habeas relief is that his attorney had a conflict of interest and was, therefore, ineffective. Petitioner also alleges that he was coerced into pleading guilty by his allegedly ineffective counsel and, consequently, his guilty plea was not knowing or

1

voluntary. Petitioner is not entitled to §2241 relief.[1]

First, petitioner's claims are not cognizable in a §2241 proceeding. A federal prisoner may file a § 2241 petition to challenge the execution of his sentence or the manner in which it is being served. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A prisoner challenging his conviction or the imposition of the sentence itself, however, must instead file a petition under § 2255 with the sentencing court. *See, e.g., Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Under the "savings clause" of § 2255, however, a prisoner may challenge his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective." 28 U.S.C. § 2255(e).

Crucially, only claims of "actual innocence" implicate the savings clause. *See, e.g., Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). Petitioner argues, without elaboration, that his attorney's alleged ineffectiveness somehow means that he (petitioner) is innocent but such unsubstantiated conclusions are unavailing. Simply put, his attorney's conflict of interest or ineffectiveness does not affect whether petitioner engaged in the underlying wire/mail fraud offenses (i.e., whether petitioner is actually innocent). Consequently, petitioner cannot obtain relief via §2241 based upon the allegedly ineffective assistance of counsel. *See, e.g., Best v. Holland*, 2014 WL 1600593, at *2 (E.D. Ky. April 21, 2014) (citing cases for the proposition that "several courts have explicitly rejected reliance on ineffective assistance of counsel to invoke § 2255's savings clause.").[2]

---

[1] Petitioner also makes a brief argument that the trial court erred by involving itself in plea negotiations. Even assuming—solely for purposes of argument—that such an error occurred, that type of error does not involve the manner in which defendant's sentence is being executed nor does it show actual innocence. Consequently, that claim is not cognizable properly in a §2241 petition.

[2] In addition, petitioner has not shown the existence of an intervening change in the law which serves to establish his actual innocence, as generally is required to invoke the savings clause. *See, e.g., Best*, 2014 WL 1600593 at *2 ("However, a defendant may only pursue a claim of actual innocence under § 2241 when that claim is based upon a new rule of law made retroactive by a Supreme Court case. It is the petitioner's burden to establish that his remedy

2

Second, despite petitioner's argument to the contrary, the Supreme Court's grant/vacate/remand ("GVR") order in *Persaud v. United States*, 134 S.Ct. 1023 (2014) does not entitle him to relief.  The defendant in *Persaud* sought to challenge a sentencing enhancement by way of a § 2241 petition and the savings clause of § 2255. Similar to the case at hand, binding circuit precedent foreclosed that avenue of relief. The Solicitor General confessed error, taking the view that a petitioner can challenge a sentencing enhancement through the savings clause, and asked the Supreme Court to remand the case to the Fourth Circuit for reconsideration in light of the United States' new position. The Supreme Court acquiesced and issued a GVR order. *Persaud*, 134 S.Ct. at 1023.

The Supreme Court's GVR order was not a reversal on the merits, nor was it a pronouncement that the Fourth Circuit was wrong. *See, e.g., Communities for Equity v. Mich. High Sch. Athletic Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006).  A GVR is "neither an outright reversal nor an invitation to reverse; it is merely a device that allows a lower court that had rendered its decision without the benefit of an intervening clarification to have an opportunity to reconsider that decision and, if warranted, to revise or correct it.  The GVR order itself does not constitute a final determination on the merits; it does not even carry precedential weight." *Gonzalez v. Justices of the Mun. Ct. of Boston*, 420 F.3d 5, 7 (1st Cir. 2005) (citation omitted). Therefore, *Persaud* does not entitle petitioner to relief.

Accordingly,

**IT IS RECOMMENDED:**

For the foregoing reasons, petitioner's 28 U.S.C. §2241 petition (doc. 1) should be **denied** without respondent being required to file a response.

---

under § 2255 is inadequate or ineffective.") (quotation marks and citations omitted).

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 2nd day of February, 2016.

Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge